

**PRIYANKA WITYK**
pwityk@fklaw.com
212.833.1193

April 12, 2021

BY E-MAIL & ECF

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re: *Better Holdco, Inc. v. Beeline Loans, Inc.*, No. 1:20-cv-08686-JPC

Dear Judge Cronan:

  This firm represents plaintiff Better Holdco, Inc. ("Better") in the above-referenced action. We write pursuant to Local Rule Civil Rule 37.2 and Section 5.C of Your Honor's Individual Rules and Practices to request a conference concerning several discovery disputes with defendant Beeline Loans, Inc. ("Beeline").[1]

**Failure to Preserve Metadata**

  The metadata of many of the electronic documents produced by Beeline are inaccurate and show that the documents were not collected in a forensically sound manner. Beeline's failure to preserve metadata is especially problematic because Better needs to determine where its information flowed within Beeline's organization and who had access to it. For example, Beeline produced a copy of Better's operating model,[2] but the "Original Folder Path" entry provided for this document is "\Beeline Shared Drive\Documents to Zip and Load.zip\Documents to Zip and Load," which obviously was not the document's original location. Rather, it appears that in responding to Better's document requests, the document was moved from its original location into a folder to be uploaded and produced, destroying its metadata in the process, and concealing where this document was stored on Beeline's systems and who may have accessed it.

  As another example, Beeline has produced a spreadsheet with the file name "Better.com Source Details" which has a "Date Created" of October 5, 2020. That cannot be accurate because, among other things, that date is a month *after* Mr. Abramowitz's termination from Beeline. But other documents in Beeline's production show that a Beeline executive asked Mr. Abramowitz to work on this spreadsheet in July 2020, and the two continued collaborating on it for some time thereafter. Better has requested that Beeline re-

---

[1] Counsel for Beeline and I had meet-and-confer calls on April 5 and April 7, 2021 concerning the issues outlined in this letter and were unable to resolve them.
[2] Some of the documents referenced in this letter have been designated "Attorneys' Eyes Only" and therefore are not being filed herewith. Better will provide them for *in camera* review upon request.

Hon. John P. Cronan - 2 - April 12, 2021

collect and re-produce its documents with intact metadata. Beeline stated that its vendor is investigating but has provided no estimate of when that will happen.

Better respectfully requests that the Court direct Beeline immediately to re-collect and re-produce these documents, with their original metadata intact.

**Improper Redactions**

Beeline has redacted numerous documents, not on the basis of privilege, but rather on the basis of confidentiality. That is not permissible when there is a protective order in place. *See Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 55 (S.D.N.Y. 2018) (ordering defendant to produce unredacted copies of documents, in part, because confidentiality stipulation addressed concern over sensitive information); *Coventry Capital U.S. LLC v. EEA Life Settlements Inc.*, No. 17 Civ. 7417 (VM)(SLC), 2020 WL 7383940, at *9 (S.D.N.Y. Dec. 16, 2020) (observing that redactions are "particularly impermissible where a confidentiality stipulation and order is in place"). Here, the protective order provides both "Confidential" and "Attorneys' Eyes Only" protection – the latter of which Beeline has applied even to documents from which it has redacted the supposedly Attorneys' Eyes Only information. Moreover, there are instances where Beeline has redacted *Better's* confidential information, which demonstrates that Beeline has redacted more than just its own information. When Better requested unredacted documents, Beeline offered only to provide a redaction log, which is not acceptable because the redactions are improper to begin with and a log would require Better to continue relying on Beeline's representations which already have been shown to be unreliable.

Better therefore respectfully requests that Beeline be ordered immediately to produce unredacted copies of all documents redacted for confidentiality.

**Refusal to Withdraw Deposition Notice**

On March 26, 2021, Beeline noticed ten depositions, including the depositions of four members of Better's in-house legal department ("Lawyer Depositions"). There is no basis for such depositions.

Courts consider four factors to determine whether a proposed deposition of an adversary's lawyer would entail an inappropriate burden or hardship: (1) the need to depose the lawyer; (2) the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation; (3) the risk of encountering privilege and work-product issues; and (4) the extent of discovery already conducted. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). Here, all four factors weigh against allowing the Lawyer Depositions, and Better respectfully requests a protective order to prohibit Beeline from taking them.

*First*, there is no need to depose Better's in-house lawyers. Beeline's counsel has stated that it seeks to depose these lawyers solely because of their participation in Mr. Abramowitz's exit interview and/or in preparing an affidavit in which Mr. Abramowitz describes Beeline's wrongful conduct. Beeline can obtain the facts concerning these events from Mr. Abramowitz himself. *See Patsy's Italian Rest., Inc. v. Banas*, No. 06 Civ. 729

Hon. John P. Cronan - 3 - April 12, 2021

(DLI) (RER), 2007 WL 174131, at *3 (E.D.N.Y. Jan. 19, 2007) (quashing subpoena directed to attorney where information could be obtained from another source).

*Second*, there is no dispute that Better's in-house lawyers were acting as such during the exit interview of Mr. Abramowitz and the preparation of the affidavit. At that time, Better had learned that Mr. Abramowitz had provided Better's trade secrets to Beeline, and Better's in-house lawyers were acting in their capacity as such to determine the scope of the harm to the company and to mitigate and remediate it and protect the company from further harm. These lawyers also currently participate in the company's management of this lawsuit. *See Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 426-27 (E.D.N.Y. 2007) (fact that individual acted as counsel in matters on which discovery was sought weighed in favor of prohibiting deposition).

*Third*, the risk of encountering privilege and attorney work-product issues is substantial because the lawyers' work was conducted in anticipation of this litigation. *See Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068 (ALC) (JCF), 2014 WL 904483, at *2 (S.D.N.Y. Mar. 4, 2014) (refusing to allow deposition of lawyer who conducted investigation in anticipation of litigation that was ultimately filed); *see also United States v. Dist. Council of N.Y. City & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, No. 90 Civ. 5722 (CSH), 1992 WL 208284, at *7 (S.D.N.Y. Aug. 18, 1992) ("unjustified disclosure of the opinions or mental processes of counsel may occur when questions are posed which seek information at depositions" including "when an attorney has secured oral statements from witnesses in anticipation of litigation").

*Fourth*, the extent of discovery already conducted weighs against the Lawyer Depositions. No depositions have yet occurred, and Beeline therefore still has ample opportunity to obtain information concerning the exit interview and the affidavit through other means that do not implicate privilege concerns. There is no suggestion that the information Beeline seeks can be obtained only from Better's in-house lawyers.

For these reasons, Better respectfully requests that the Court vacate the deposition notice with respect to the Lawyer Depositions.

Respectfully submitted,

s/ Priyanka Wityk
Priyanka Wityk

cc: All Counsel of Record (by ECF)

The parties shall appear for a teleconference in this matter on April 20, 2021 at 11:30 a.m. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261. The parties are directed to continue their discussions concerning these issues in an attempt to resolve them prior to the conference.

SO ORDERED.

Date: April 14, 2021
New York, New York

JOHN P. CRONAN
United States District Judge