```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                        :
BETTER HOLDCO, INC.,                                    :
                                                        :
                            Plaintiff,                  :     20-CV-8686 (JPC)
                                                        :
              -v-                                       :     ORDER
                                                        :
BEELINE LOANS, INC.,                                    :
                                                        :
                            Defendant                   :
                                                        :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On April 12, 2021, Plaintiff Better Holdco, Inc. ("Better") requested that the Court order Defendant Beeline Loans, Inc. ("Beeline") to produce in discovery unredacted copes of certain documents that Beeline redacted on the basis of confidentiality. Dkt. 61. The following day, Beeline submitted a letter stating that the redacted information is "entirely irrelevant to [Better's] claims in the instant action and contains confidential, proprietary, non-public information concerning Beeline's business and business strategy that is irrelevant to the instant action." Dkt. 62 at 2. On April 20, 2021, the Court held a conference pursuant to Local Rule 37.2 to discuss this, as well as several other issues raised by the parties. During that conference, the Court ordered Beeline to provide the documents at issue for in camera review. The Court then held a conference with Beeline, ex parte and under seal, to allow Beeline to explain the basis for certain proposed redactions. *See* Dkt. 65. After reviewing those documents and considering Beeline's concerns with producing unredacted copies of the documents, the Court grants Better's request, and orders Beeline to produce unredacted copies of the documents, subject to the condition below.

"The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations

of relevancy." *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, No. 17 Civ. 7417 (VM) (SLC), 2020 WL 7383940, at *5 (S.D.N.Y. Dec. 16, 2020) (quoting *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018)), *objections overruled*, 2021 WL 961750 (S.D.N.Y. Mar. 15, 2021). This is particularly true where there is a confidentiality stipulation and order in place. *See id.*; *see also Christine Asia Co.*, 327 F.R.D. at 54 (collecting cases).

The Stipulated Protective Order allows the parties to take measures to protect its confidential, proprietary, non-public information, by permitting them to designate documents "Confidential" or "Attorneys' Eyes Only." Dkt. 45. The latter designation is to be used for (1) material that a Designating Party "reasonably and in good faith believes constitutes or reveals . . . trade secrets or other confidential information the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Designating Party or its personnel, clients or customers," or (2) "material that a Designating Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for materials designated 'Confidential.'" *Id.* ¶ 4. And the Court is unable to say that the redacted information is so irrelevant to this case that it merits an exception to the standard rule prohibiting redactions based on a party's unilateral determinations of relevancy, particularly in light of the Stipulated Protective Order.

However, the Court recognizes Beeline's concern, raised during the April 20, 2021 conference, that the Stipulated Protective Order allows Better's in-house counsel to view documents designated as "Attorneys' Eyes Only," *see id.* ¶ 10(b), particularly in light of the unresolved question of whether certain of those in-house attorneys will be fact witnesses in this case, *see, e.g.*, Dkt. 61, 62, 67. At that conference, the Court denied Beeline's request to depose in-house counsel, but noted that it would be open to revisiting that request at a later stage of litigation. Therefore, the Court orders Beeline to provide the unredacted documents to Better's outside counsel of record only. Better's outside counsel may not share unredacted versions of these documents

with any individual beyond those outlined in paragraph 10(a) of their Stipulated Protective Order, *i.e.*, "outside counsel of record for the parties, including any person employed by such counsel and assigned specifically to work on this action." Dkt. 45 ¶ 10(a). Nor may outside counsel discuss the contents of the redactions with others outside the scope of paragraph 10(a). However, if after reviewing the unredacted documents, Better's outside counsel believes that its inside counsel or any of the other individuals in paragraph 10 of the Stipulated Protective Order should be permitted to view these documents in their full form, it may petition the Court for permission to share these documents.

    SO ORDERED.

Dated: May 7, 2021
       New York, New York

                                                  JOHN P. CRONAN
                                        United States District Judge