```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
BETTER HOLDCO, INC.,                                                   :
                                                                       :
                              Plaintiff,                               :
                                                                       :   20 Civ. 8686 (JPC)
               -v-                                                     :
                                                                       :        ORDER
BEELINE LOANS, INC.,                                                   :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

The Court is in receipt of Defendant Beeline Loans, Inc.'s letter, dated March 25, 2022, in response to Plaintiff Better Holdco, Inc.'s letter, dated March 18, 2022. Dkt. 177. In its letter, Defendant "(1) challenge[s] the late submission of Better's pre-motion letter, (2) request[s] that Better's *Daubert* motion be precluded, and (3) request[s] that Beeline be permitted to file a motion for spoliation of evidence." *Id.* at 1.

The Court begins by addressing Defendant's first and second arguments. On March 15, 2022, Defendant filed a pre-motion letter regarding its anticipation motion for summary judgment and motion to exclude the testimony of Plaintiff's expert. Dkt. 171. On March 16, 2022, the Court issued an order directing Plaintiff to respond to Defendant's pre-motion letter by March 18, 2022. Dkt. 172. In addition to the Court's order, Rule 6.A of the Court's Individual Rules and Practices in Civil Cases, which governs "Pre-Motion Letters in Civil Cases," provides that "[a]ll parties served with the pre-motion letter may submit a letter response . . . within three business days from the submission of the pre-motion letter." In accordance with the Court's order and Rule 6.A, Plaintiff filed its response to Defendant's pre-motion letter on March 18, 2022. Dkt. 175. In its letter, Plaintiff previewed its opposition to Defendant's forthcoming motion for summary judgment

and *Daubert* motion, and, "[i]n light of and in response to Beeline's proposed motions," expressed its intention to file motions to exclude the testimony of Defendant's rebuttal experts and for sanctions due to Defendant's purported "spoliation of metadata related to certain Better Information." *Id.* at 2-6. Thereafter, on March 22, 2022, the Court set a briefing schedule on the parties' respective motions. Dkt. 176.

Defendant argues that Plaintiff's response letter was "untimely" and should be disregarded. Dkt. 177 at 1. Defendant further contends that if Plaintiff's response letter is given consideration, Plaintiff should not be permitted to submit its *Daubert* motion because Plaintiff's basis for seeking exclusion of Defendant's expert witnesses "is erroneous and frivolous." *Id.* at 1-2. The Court disagrees. First, Plaintiff's response letter was neither "late" or "untimely." Plaintiff submitted its letter on March 18, 2022—three days after Defendant's pre-motion letter—in accordance with the Court's March 16 order and Rule 6.A of the Court's Individual Rules. Furthermore, Plaintiff's proposed *Daubert* motion and motion for spoliation of evidence are motions *in limine*, which address evidentiary issues, and are not dispositive motions. As such, such motions may be filed at any time prior to trial in accordance with Rule 7 of the Court's Individual Rules and Practices in Civil Cases. Plaintiff has chosen to file these motions at this juncture "[i]n light of and in response to Beeline's proposed motions." Dkt. 175 at 3. Second, based on the brief summary of its arguments provided in Plaintiff's letter, the Court finds that Plaintiff has presented potentially meritorious grounds for seeking to exclude the testimony of Defendant's proffered rebuttal experts. To the extent Defendant finds Plaintiff's grounds for seeking exclusion to be "ill-conceived attacks," Defendant will have the opportunity to defend its experts in its opposition to Plaintiff's motion. Therefore, the Court denies Defendant's request to preclude Plaintiff's letter dated March 18, 2022 and to bar Plaintiff from filing its *Daubert* motion.

As to Defendant's request that it be permitted to file a motion for spoliation of evidence, the

Court finds it curious that Defendant did not raise this issue at any point during discovery or in its pre-motion letter dated March 15, 2022.  Accordingly, it is hereby ORDERED that, by March 30, 2022, Defendant shall submit a letter advising the Court as to: (1) when Jack Abramowitz's deposition took place; (2) the document request by Defendant that "specifically requested" the case study, Dkt. 177 at 2, including when Defendant served that document request on Plaintiff; (3) any request for production of documents and information by Defendant that cover "the recording of Mr. Abramowitz's exit interview," *id.*, including when Defendant served that document request on Plaintiff; (4) when Defendant realized that the case study and a recording of Mr. Abramowitz's exit interview existed; (5) when Defendant realized that Plaintiff had failed to produce the case study and the recording of Mr. Abramowitz's exit interview; (6) whether Defendant raised these disputes with Judge Netburn during discovery and, if not, an explanation as to why Defendant failed to do so in light of its representation to the Court that Plaintiff's conduct has caused "obvious prejudice" to Defendant; (7) why Defendant did not raise these issues in its pre-motion letter filed on March 15, 2022; and (8) why Defendant waited one week after Plaintiff's pre-motion letter and three days after the Court set a briefing schedule on the parties' respective motions to raise these issues with the Court.

      Both parties are on notice and strongly advised that the Court will not entertain any frivolous motions or arguments, and the Court will issue sanctions, *sua sponte*, for any needless waste of the Court's time and resources.

      SO ORDERED.

Dated: March 28, 2022  
       New York, New York

                                          JOHN P. CRONAN  
                                      United States District Judge