

**PRIYANKA WITYK**
pwityk@fklaw.com
212.833.1193

May 3, 2022

BY E-MAIL & ECF

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

> Re:   *Better Holdco, Inc. v. Beeline Loans, Inc.,* No. 1:20-cv-08686 (JPC) (SN)

Dear Judge Cronan:

This firm represents plaintiff Better Holdco, Inc. ("Better") in the above-referenced action.  Pursuant to Rule 4.B.ii of the Court's Individual Rules and Practices in Civil Cases ("Rules"), Better respectfully requests leave to file certain documents under seal or with redactions in connection with its Motion to Exclude or Strike the Opinions of Defendant's Proposed Experts ("Motion to Strike"), which is being filed concurrently with this letter motion.

## Better's Confidential Documents and Information

Better seeks to file under seal certain documents that it has designated as Confidential Discovery Material under the Amended Protective Order.  (*See* Dkt. No. 101.)

While the documents Better seeks leave to file under seal are "judicial documents" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption is to be balanced against countervailing factors, such as whether the materials at issue contain commercially sensitive and proprietary information.  *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information reflecting sales, revenues, and marketing strategies because disclosure could cause competitive harm).  The presumption can be overcome when the disclosure of information about confidential business strategy, financial, marketing and promotional expenses, and other sensitive information could place a party at a competitive disadvantage. *See, e.g.*, *New York v. Actavis*, No. 14-cv-7473, 2014 WL 5353774, at *3-4 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal business plans, profit projections, and budgets).

The documents which Better seeks leave to file under seal reflect three categories of Better's confidential business information whose disclosure could place Better at a competitive disadvantage.

Hon. John P. Cronan                    - 2 -                    May 3, 2022

     First, Exhibit 30 to the Beaumont Declaration contain or refer to information from Better's Operating Model, which consists of dozens of spreadsheets reflecting highly confidential financial information. *See* Beaumont Decl. Ex. 30, Holzen Rep. text accompanying footnotes 340-43 and 345-47. Exhibits 3, 7, and 30 to the Beaumont Declaration similarly contain Better's sensitive financial information relating to its profits, losses, operating costs, and employee salaries. *See* Beaumont Decl. Ex. 3, Garrett Rep. at 7; Ex. 7, Weisheit Rep. at 50 and Schedules 3, 3.1, 5, 7; Ex. 30, Holzen Rep. ¶¶ 87, 132, and exhibits 2.3, 3.1-3.3, 3.5-3.6, 3.8, and 4.3-4.5, 6.1. These materials therefore should be sealed. *See Actavis*, 2014 WL 5353774, at *4.

     Second, Better's confidential agreements with five of its marketing partners contain non-public pricing and other terms that Better negotiated with these partners, which give Better a competitive advantage. *See* Beaumont Decl. Ex. 4, Garrett Tr. 78:15-80:9; 80:23-81:5; 88:25-89:25; 100:12-18; 100:22-101:3; 133:12-134:3; 134:23-25; 135:14-25; 136:25-137:7; 137:17-20; 137:24-138:5; 138:12-140:8; Ex. 7, Weisheit Rep. at 29-30; Ex. 30, Holzen Rep. ¶ 32. The marketing agreements therefore also should be sealed. *See Actavis*, 2014 WL 5353774, at *4 (granting motion to seal information related to promotional budgeting).

     Third, Exhibits 3-4, 6-7, and 30 to the Beaumont Declaration contain or refer to confidential information about Better's marketing strategies and costs. *See* Beaumont Decl. Ex. 4 Garrett Tr. 111:16-22; Ex. 6, Zaiger Tr. 107:21-108:22; 109:10-20; 120:21-122:19; 123:22-124:22; 126:9-17; 130:10-21; 133:9-134-2; 142:19-143:25; 146:21-147:10; 166:17-167:4; Ex. 3, Garret Rep. at 6; Ex. 7, Weisheit Rep. at 24-25, 45-46; Ex. 30, Holzen Rep. ¶¶ 90, 92-97, exhibit 5.0, 8.1 and 8.2. The competitive sensitivity of these materials outweighs the presumption of public access, and they should be sealed. *See Playtex*, 2016 WL 1276450, at *11 (granting motion to seal documents reflecting marketing strategies).

**Documents Designated Confidential by Beeline**

     Better also seeks leave to file BEE_00005206, which is Ex. 28 to the Beaumont Declaration, under seal because Beeline has designated it as Confidential Discovery Material under the Amended Protective Order. Better also seeks leave to file its Memorandum of Law in Support of the Motion to Strike in redacted form to the extent that it quotes from this document.

     Better further seeks leave to file the Holzen Report, which is Ex. 30 to the Beaumont Declaration, with redactions paragraphs 91 and 135 and exhibits 8.0 and 9.0. Better seeks leave to redact these portions of the Holzen Report because they contain or refer to information from documents that Beeline has designed as Confidential Discovery Material under the Amended Protective Order. (Those documents were produced with Bates numbers BEE_00004946-4958, BEE_00005141, BEE_00018665-18686, BEE_00020965, and BEE_00041488. They are not being filed with the Court.)

     On April 29, 2022, I spoke with counsel for Beeline, Susan Mason, and requested that Beeline reconsider its designations of the documents listed above as

Hon. John P. Cronan                     - 3 -                     May 3, 2022

Confidential Discovery Material.  Ms. Mason agreed to withdraw Beeline's designations for a number of documents, and declined to change its designations for the above-listed documents.  Better takes no position regarding the need for sealing the above-listed documents and reserves the right to challenge Beeline's designations of them as Confidential Discovery Material.

* * *

For the foregoing reasons, Better respectfully requests permission to redact the following portions of exhibits to the Beaumont Declaration:

- **Ex. 6:**  Zaiger Tr. 107:21-108:22; 109:10-20; 120:21-122:19; 123:22-124:22; 126:9-17; 130:10-21; 133:9-134-2; 142:19-143:25; 146:21-147:10; 166:17-167:4

- **Ex. 3:**  Garrett Rep. at 6-7

- **Ex. 4:**  Garrett Tr. 78:15-80:9; 80:23-81:5; 88:25-89:25; 100:12-18; 100:22-101:3; 111:16-22; 133:12-134:3; 134:23-25; 135:14-25; 136:25-137:7; 137:17-20; 137:24-138:5; 138:12-140:8

- **Ex. 7:**  Weisheit Rep. at 24-25, 29-30, 45-46 and 50 & Schedules 3, 3.1, 5, 7

- **Ex. 30:**  Holzen Rep. ¶¶ 87, 90-97, 132 and 135, & Exhibits 2.3, 3.1-3.3, 3.5-3.6, 3.8, and 4.3-4.5, 5.0, 6.1, 8.0, 8.1, 8.2 and 9.0

Better also respectfully requests permission to file Exhibit 28 to the Beaumont Declaration (BEE_00005206) under seal, and to file a redacted version of its Memorandum of Law in Support of Motion to Exclude or Strike to the extent that it contains or refers to information from that exhibit.

We are available at the Court's convenience to discuss this application.

Respectfully submitted,

s/ Priyanka Wityk
Priyanka Wityk

cc:     All Counsel of Record (by ECF)

Plaintiff's request is granted.  Plaintiff shall file the unredacted versions of its Memorandum of Law in Support of its Motion to Exclude or Strike and Exhibits 3, 4, 6, 7, and 30 to the Beaumont Declaration under seal.  Plaintiff shall refile Exhibit 28 to the Beaumont Declaration, Dkt. 195, under seal.

SO ORDERED.



Date:   May 9, 2022
         New York, New York

JOHN P. CRONAN
United States District Judge