

**PRIYANKA WITYK**
pwityk@fklaw.com
212.833.1193

May 9, 2022

BY E-MAIL & ECF

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re: *Better Holdco, Inc. v. Beeline Loans, Inc.,* No. 1:20-cv-08686 (JPC) (SN)

Dear Judge Cronan:

  This firm represents plaintiff Better Holdco, Inc. ("Better") in the above-referenced action. Pursuant to Rule 4.B.ii of the Court's Individual Rules and Practices in Civil Cases ("Rules") and the Court's Order at Dkt. No. 214, Better respectfully submits this letter to explain the need for certain documents filed in connection with defendant Beeline Loans, Inc.'s ("Beeline") motion for summary judgment and motion to exclude plaintiff's expert (the "Motions") to remain under seal or in redacted form.

**Better Withdraws the Confidentiality Designations for Exhibits B, F, H, and I**

  Better withdraws the confidentiality designations associated with Exhibits B, F, H, and I to the Modica Declaration in Support of Beeline's Motion for Summary Judgment and agrees that these documents may be filed on the public docket.[1]

**The Remaining Documents in Beeline's Letter-Motion Should Remain Under Seal**

  Exhibits P, W,[2] X, and Y[3] to the Modica Declaration in Support of Beeline's Motion for Summary Judgment should remain under seal or in redacted form. Although these documents are "judicial documents" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption is to be balanced against countervailing factors, such as whether the materials at issue contain commercially sensitive and proprietary information or a third party's private information. *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL

---

[1] Pursuant to Rule 4.B.i, Beeline was required to meet and confer with Better before filing its letter-motion to seal, but failed to do so. Had Beeline met and conferred with Better, as required, Better would have confirmed its withdrawal of the confidentiality designations for those documents.

[2] This document is also Exhibit C to the Modica Declaration in Support of Beeline's Motion to Exclude Plaintiff's expert. (*See* Dkt. No. 211.)

[3] This document is also Exhibit E to the Modica Declaration in Support of Beeline's Motion to Exclude Plaintiff's expert. (*See* Dkt. No. 211.)

Hon. John P. Cronan  - 2 -  May 9, 2022

1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information reflecting sales, revenues, and marketing strategies because disclosure could cause competitive harm). Indeed, the presumption of public access can be overcome when the disclosure of information about confidential business strategy, financials, marketing and promotional expenses, and other sensitive information could place a party at a competitive disadvantage, *see, e.g.*, *New York v. Actavis*, No. 14-cv-7473, 2014 WL 5353774, at *3-4 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal business plans, profit projections, and budgets), or when sealing would preserve a third party's personal privacy interests. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d. Cir. 1995) ("privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation") (citation omitted).

Exhibits W, X, and Y are the expert reports of Better's damages expert, Stephen Holzen, and two of Beeline's proffered experts: Joseph Garrett and Karl Weisheit. As explained in Better's letter-motion to seal, Dkt. No. 191, these documents contain or refer to (1) information from Better's Operating Model, which consists of dozens of spreadsheets reflecting highly confidential financial information, (2) Better's confidential agreements with five of its key marketing partners, which contain non-public pricing and other terms that give Better a competitive advantage, and (3) confidential information about Better's marketing strategies and costs. *See* Modica Decl., Ex. W, Holzen Rep. at ¶¶ 32, 87, 90, 92-97, 132, text accompanying footnotes 340-43 and 345-47, and Exhibits 2.3, 3.1-3.3, 3.5-3.6, 3.8, 4.3-4.5, 5.0, 6.1, 8.1-8.2; Ex. X, Garrett Rep. at 6-7; Ex. Y, Weisheit Rep. at 24-25, 29-30, 45-46, 50 and Schedules 3, 3.1, 5, 7. The competitively sensitive nature of this information outweighs the presumption of public access and, accordingly, these documents should remain under seal. *See Actavis*, 2014 WL 5353774, at *4 (granting motion to seal information related to profit and other financial projections, business plans, and promotional budgeting); *Playtex*, 2016 WL 1276450, at *11 (granting motion to seal documents reflecting product development and marketing strategies). Furthermore, the Court already approved the redaction and sealing of these documents in a prior Order. (*See* Dkt. No. 217.)

Exhibit P is a confidential settlement agreement between non-party Jack Abramowitz and Better. The settlement agreement references non-party Abramowitz's personal equity holdings in Better, limitations concerning non-party Abramowitz's future employment, and otherwise does not contain any information relevant to the instant lawsuit.[4] Given non-party Abramowitz's and Better's legitimate privacy interests in maintaining the confidentiality of the terms of the settlement agreement and the document's irrelevance to the claims and defenses asserted in this case, Exhibit P should remain under seal. *See Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 740 (S.D.N.Y. 2018) (permitting redaction of settlement agreement involving nonparties with a strong privacy interest and relating to issues with no bearing on the adjudication of the parties' motion); *Louis Vuitton Malletier, S.A. v. Hyundai Motor America*, No. 10-cv-1611 (PKC), 2012 WL 1022258, at *3

---

[4] Although the terms of the settlement agreement have no bearing on this case, Better notes that non-party Abramowitz also signed an affidavit in connection with the settlement which sets forth facts that are highly relevant to this litigation. Better recognizes the public's right to access that affidavit and, indeed, has already filed the affidavit on the public docket. (*See, e.g.*, Dkt. 190, Ex. 10.)

Hon. John P. Cronan — - 3 - — May 9, 2022

(S.D.N.Y. Mar. 22, 2012) (permitting redaction of portions of confidential settlement agreement with third-party that were not relevant to the ongoing litigation).

\* \* \*

For the foregoing reasons, and in accordance with the Court's Order at Dkt. No. 217, Better respectfully requests that Exhibits P, W, X, and Y to the Modica Declaration in Support of Beeline's Motion for Summary Judgment (and any corresponding Exhibits to Beeline's motion to exclude Better's damages expert) remain under seal or in redacted form.

We are available at the Court's convenience to discuss this application.

Respectfully submitted,

s/ Priyanka Wityk
Priyanka Wityk

cc: All Counsel of Record (by ECF)

The Court grants Defendant's request to file Exhibits P and W to the Modica Declaration in Support of Beeline's Motion for Summary Judgment and corresponding Exhibit C to the Modica Declaration in Support of Beeline's Motion to Exclude Plaintiff's Expert, under seal. The Court also grants Defendant's request to file Exhibits X and Y to the Modica Declaration in Support of Beeline's Motion for Summary Judgment and corresponding Exhibit E to the Modica Declaration in Support of Beeline's Motion to Exclude Plaintiff's Expert, with redactions. In light of Plaintiff's withdrawal of its confidentiality designations as to Exhibits B, F, H, and I to the Modica Declaration in Support of Beeline's Motion for Summary Judgment, Defendant's request to file these documents under seal is denied and Defendant is directed to re-file these documents publicly on the docket.

The Clerk of Court is respectfully directed to close the letter motion pending at Docket 208.

SO ORDERED.

Date: May 10, 2022
New York, New York

JOHN P. CRONAN
United States District Judge