**CMOC**
COFFEY
MODICA
O'MEARA
CAPOWSKI

OFFICES   NEW YORK   NEW JERSEY   CONNECTICUT

July 18, 2022

**BY E-MAIL AND ECF**

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

      Re:    *Better Holdco, Inc. v. Beeline Loans, Inc.*, **No. 1:20-cv-08686 (JPC) (SN)**

Dear Judge Cronan:

This firm represents Defendant Beeline Loans, Inc. ("Beeline") in the above-captioned matter. Pursuant to Rule 4.B.ii of Your Honor's Individual Rules and Practices in Civil Cases and this Court's Order dated July 15, 2022 (*see* Dkt. No. 247), Beeline respectfully requests that the following documents filed by Plaintiff Better Holdco, Inc. ("Plaintiff") with its declaration in opposition to Beeline's Motion for Summary Judgment remain under seal or in redacted form.

**Beeline Agrees to Allow Plaintiff to File the Following Documents in Redacted Form**

    **Exhibit 51**

Exhibit 51 to the Hirsch Declaration is a two-fold document containing: (1) an e-mail thread concerning the forthcoming employment of Jack Abramowitz; and (2) Beeline's Employee Agreement (the "Agreement") and Offer of Employment. The "Confidential" designation applies only to the latter Agreement and Offer of Employment. Beeline is willing to withdraw its confidentiality designation associated with the Employee Agreement (BEE_00002176-00002177) and the "at-will" portion of that Agreement (BEE_00002179) but maintains its designation concerning the Offer of Employment (BEE_00002178). As the Offer of Employment contains compensation, equity, and benefits information, Beeline has designated this document "Confidential" pursuant to the Amended Protective Order. Beeline has proposed redactions to this document, provided in an attachment hereto.

    **Exhibit 57**

Exhibit 57 to the Hirsch Declaration is an e-mail thread discussing, in part, business strategy concerning Beeline's online portal, brand identity, and purchase approach. This information is confidential and proprietary and, thus, Beeline has designated the document "Outside Counsel Eyes Only" pursuant to the Amended Protective Order. Rather than filing the entirety of this document under seal, however, Beeline has proposed redactions to maintain the confidentiality of proprietary information, which are provided in an attachment hereto.

Hon. John P. Cronan
July 18, 2022
Page 2

### Exhibit 59

Exhibit 59 to the Hirsch Declaration is an iteration of Exhibit 57. In Exhibit 59, however, the information for which Beeline proposed redactions, above, has already been redacted. Nevertheless, there is a new piece of information included in Exhibit 59 which is also confidential and proprietary as it concerns Beeline's plans to expand its business platform. Beeline has proposed redactions to this document to maintain the confidentiality of that portion, provided in an attachment hereto.

### Exhibit 76

Exhibit 76 to the Hirsch Declaration is an e-mail correspondence discussing lender pricing and various lenders with which Beeline contemplated entering into business relationships. Beeline previously designated this document "Confidential" pursuant to the Amended Protective Order as this information pertains to Beeline's business strategy. However, with proper redactions to maintain the confidentiality of the proprietary portions of this correspondence, Beeline agrees to allow Plaintiff to file this document on the public docket. Beeline has proposed redactions to this document to maintain the confidentiality of pertinent portions of this document, provided in an attachment hereto.

## The Remaining Documents Filed as Exhibits to Plaintiff's Declaration in Opposition to Beeline's Motion for Summary Judgment Should Remain Under Seal

### Exhibit 35

Exhibit 35 to the Hirsch Declaration is a two-fold document containing: (1) an onboarding correspondence; and (2) a Competitor Analysis that was embedded in a link to the former. The onboarding correspondence provides fourteen (14) separate points detailing Beeline's business strategy, including vendors with which Beeline contemplated entering business relationships and how Beeline intended to utilize those relationships to further its business. The Competitor Analysis, entitled "Competitive Landscape," is a ten (10)-page document analyzing the overall structure and positives and negatives of Beeline's competitors in the mortgage-lending industry, as well as multiple banking institutions. Both the onboarding correspondence and the Competitor Analysis contain confidential and proprietary information about Beeline's internal business strategy and, as such, has been designated pursuant to the Protective Order as "Attorneys' Eyes Only."

### Exhibits 36, 37, and 38

Exhibits 36 and 37 to the Hirsch Declaration are respective Investor Presentation slide decks created by Beeline. Exhibit 38 is a two-fold document containing: (1) a Beeline Investor Presentation slide deck; and (2) the internal correspondence to which it was attached. These slide decks detail Beeline's business and marketing strategy, its digital platform, and financial information. As these Investor Presentations contain confidential and proprietary information about Beeline's business strategy, they have been designated pursuant to the Protective Order as "Attorneys' Eyes Only."

### Exhibit 88

Exhibit 88 to the Hirsch Declaration is an e-mail thread discussing Beeline's marketing

Hon. John P. Cronan
July 18, 2022
Page 3

strategy and internal operations. The information discussed in Exhibit 88 is confidential and proprietary to Beeline and, as such, Beeline has designated this document "Confidential."

**Exhibit 89**

Exhibit 89 to the Hirsch Declaration is an e-mail thread discussing Beeline's marketing strategy and internal operations. The information discussed in Exhibit 89 is confidential and proprietary to Beeline and, as such, Beeline has designated this document "Confidential."

**Exhibit 108**

Exhibit 108 to the Hirsch Declaration is a compilation of Excel spreadsheet screenshots of Beeline's "Marketing Source Performance Monthly." This document contains information concerning, *inter alia*, Beeline's loan volume, marketing spend, loan prospector headcount, and advertising campaigns. Beeline is a privately held company. This information is confidential and proprietary to Beeline's business and was only disclosed to Plaintiff for the sole purpose of this litigation. As such, this document has been designated as "Outside Counsel Eyes Only" pursuant to the Amended Protective Order.

**Continued Sealing and/or Redaction of Beeline Documents**

Documents filed in support of, or in opposition to, motions for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). However, "countervailing factors in the common law framework or higher values in the First Amendment framework" may justify continued sealing of the documents. *Id*.

Beeline faces the risk of being competitively harmed should the above documents be filed on the public docket without sealing and/or redactions, as they contain commercially sensitive and proprietary information concerning Beeline's business. *Playtex Products, LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL 1276450 (S.D.N.Y. Mar. 29, 2016) stands for the proposition that documents may be sealed and/or redacted if the documents' owner would be competitively harmed by revealing the information contained therein. 2016 WL 1276450 at *11. In *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630 (S.D.N.Y. 2011), this Court held that material concerning the defendants' marketing strategies, product development, costs and budgeting contained "highly proprietary material" that therefore could remain under seal. 769 F. Supp. 2d at 649-50. Again, in *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606 (S.D.N.Y. 1998), this Court sealed the defendants' confidential business information because it provided valuable insights into the company's current business practices that a competitor would seek to exploit, including "the cost and profit structures of the defendants" and their marketing strategies. 26 F. Supp. 2d at 614.

From the above descriptions of Beeline documents filed as Exhibits 35-38, 51, 57, 59, 76, 88-89, and 108 to Plaintiff's opposition to Beeline's Motion for Summary Judgment, it is clear that the information sealed and/or redacted meets the requirements of *Playtex Products, LLC*, *GoSMiLE, Inc.*, and *Encyclopedia Brown Prods., Ltd.* for remaining sealed and/or redacted. All contain "highly proprietary material" concerning Beeline's marketing strategies, product

COFFEY  MODICA  O'MEARA  CAPOWSKI

200 E. Post Rd. Suite 210 White Plains, NY 10601        212-827-4501        rmodica@cmocllp.com

Hon. John P. Cronan
July 18, 2022
Page 4

development, and costs and budgeting. Furthermore, unlike in *Lugosch*, there are no intervening parties seeking access to the above documents. Moreover, Beeline reiterates the fact that "it is the plaintiff[] who ha[s] put defendant[']s[] allegedly privileged documents in the record, not the defendant[] [itself]." *Lugosch*, 435 F.3d at 125.

    We are available at the Court's convenience to discuss this application.

Respectfully submitted,

Robert Modica, Esq.

cc: All Counsel of Record