

PRIYANKA K. WITYK
pwityk@fklaw.com
212.833.1193

July 27, 2022

BY E-MAIL & ECF

The Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *Better Holdco, Inc. v. Beeline Loans, Inc.,* No. 1:20-cv-08686 (JPC) (SN)

> Plaintiff's request to file Exhibit 32 to the Second Declaration of Anne E. Beaumont in Support of Motion to Strike with redactions is granted.  Plaintiff is directed to file the unredacted version of Exhibit 32 on the docket.
>
> SO ORDERED.
>
> Date:   July 28, 2022
>         New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

Dear Judge Cronan:

      This firm represents plaintiff Better Holdco, Inc. ("Better") in the above-referenced action.  Pursuant to Rule 4.B.ii of the Court's Individual Rules and Practices in Civil Cases, Better respectfully requests leave to file a document with redactions in connection with its reply in further support of its Motion to Exclude or Strike the Opinions of Defendant's Proposed Experts ("Motion to Strike"), which is being filed concurrently with this letter motion.

      Better seeks to file in redacted form Exhibit 32 to the Second Declaration of Anne E. Beaumont in Support of Motion to Strike ("Second Beaumont Declaration").  The Court previously granted Better's request to make these redactions in connection with a prior filing.  (*See* Dkt. No. 256 (granting request to file Exhibit 22 to Second Wityk Declaration in redacted form).)

      While Exhibit 32 is a "judicial document" to which a presumption of public access applies, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), that presumption is to be balanced against countervailing factors, such as whether the material at issue contains commercially sensitive and proprietary information.  *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information reflecting sales, revenues, and marketing strategies because disclosure could cause competitive harm).  The presumption can be overcome when the disclosure of information about confidential business strategy, financial, marketing and promotional expenses, and other sensitive information could place a party at a competitive disadvantage.  *See, e.g.*, *New York v. Actavis*, No. 14-cv-7473, 2014 WL 5353774, at *3-4 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal business plans, profit projections, and budgets).

Hon. John P. Cronan — - 2 - — July 27, 2022

      Exhibit 32 discloses Better's competitively sensitive and confidential salary information.  *See* Second Beaumont Decl. Ex. 32 at 129:3-14.  This information should be redacted from public view.  *See Actavis*, 2014 WL 5353774, at *4.  Furthermore, the transcript also should be redacted to prevent disclosure of Mr. Holzen's home address.  *See* Second Beaumont Decl. Ex. 32 at 7:18-21.  Better also seeks leave to redact Mr. Holzen's deposition transcript because Defendant Beeline Loans, Inc. has designated materials referenced therein as Confidential Discovery Material under the Amended Protective Order.  *See id.* at 199:22-200:16.

      We are available at the Court's convenience to discuss this application.

      Respectfully submitted,

      s/ Priyanka Wityk
      Priyanka Wityk

cc:    All Counsel of Record (by ECF)