**COFFEY MODICA O'MEARA CAPOWSKI**

OFFICES   NEW YORK   NEW JERSEY   CONNECTICUT

July 27, 2022

**BY E-MAIL AND ECF**

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re:   *Better Holdco, Inc. v. Beeline Loans, Inc.*, **No. 1:20-cv-08686 (JPC) (SN)**

Dear Judge Cronan:

This firm represents Defendant Beeline Loans, Inc. ("Beeline") in the above-captioned matter. Pursuant to Rule 4.B.ii of Your Honor's Individual Rules and Practices in Civil Cases ("Rules"), Beeline respectfully requests leave to file under seal and redact certain documents in connection with its Reply Memorandum of Law in Support of its Motion for Summary Judgment and its Rule 56.1 Reply to Plaintiff's Counterstatement of Facts.

**I.   Documents Designated Confidential by Plaintiff**

"The presumption of public access to judicial documents is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 119 (2d Cir. 2006). The mere filing of a paper or document with the court is insufficient to render that paper a "judicial document;" the item filed must be relevant to the performance of the judicial function and useful in the judicial process. *Id*. "Access to written documents filed in connection with pretrial motions is particularly important in the situation … where no hearing is held and the court's ruling is based solely on the motion papers." *Id*. at 124 (internal citation omitted). The court must balance competing considerations against common law presumptions of access. *Id*. at 120.

Beeline seeks leave to file under seal one document that Plaintiff Better Holdco, Inc. ("Plaintiff") has designated as Confidential Discovery Material under the Amended Protective Order (*see* Dkt. No. 101).

1. <u>Exhibit E</u> to the Modica Second Declaration in support of Beeline's Motion for Summary Judgment is a master advertising services agreement. Plaintiff has previously designated this document as Attorneys' Eyes Only.

Beeline takes no position regarding the need for sealing the above document and reserves the right to challenge Plaintiff's designation of same as Confidential Discovery Material.

**COFFEY MODICA O'MEARA CAPOWSKI**

Hon. John P. Cronan
July 27, 2022
Page 2

In addition, Beeline seeks to file the following documents in redacted form.

1. <u>Beeline's Rule 56.1 Reply</u> contains reference to the master advertising services agreement referenced above as well as another company with which Plaintiff may or may not have a confidential business relationship. Plaintiff's reference to this company was filed with redactions in its Rule 56.1 Counterstatement.

2. <u>Beeline's Reply Memorandum of Law in Support of its Motion for Summary Judgment</u> contains a quotation on page seven (7) that Plaintiff has previously redacted in its Rule 56.1 Counterstatement, as it concerns information about Plaintiff's business strategy.

We are available at the Court's convenience to discuss this application.

Respectfully submitted,

Robert Modica, Esq.

In accordance with 4.B.ii of the Court's Individual Rules and Practices in Civil Cases, by August 1, 2022, Plaintiff shall file a letter explaining the need to file Exhibit E to the Modica Second Declaration under seal.

SO ORDERED.

Date:   July 28, 2022
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

**COFFEY MODICA O'MEARA CAPOWSKI**

200 E. Post Rd. Suite 210 White Plains, NY 10601     212-827-4501     rmodica@cmocllp.com