

October 13, 2022

**VIA E-MAIL & ECF**
Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

  Re:  *Better Holdco, Inc. v. Beeline Loans, Inc.*, No. 1:20-cv-08686 (JPC) (SN)

Dear Judge Cronan:

  The undersigned represent Defendant Beeline Loans, Inc. ("Beeline") in the above-referenced matter. We write in response to Plaintiff Better Holdco, Inc.'s ("Better") October 11, 2022 letter (Dkt. No. 286) clarifying that it intends to move for sanctions pursuant to Federal Rule of Civil Procedure 37(c), not 37(e) as it incorrectly provided in its October 6, 2022 objection (Dkt. No. 284) to the order of Magistrate Judge Netburn (Dkt. No. 283). Beeline repeats and reiterates the substance of its September 20, 2022 response to Better's September 12, 2022 letter-motion (Dkt. No. 282) (the "Response") and October 10, 2022 letter (Dkt. No. 285) (the "Letter"), with the addition of the following.

  Better's reliance on Rule 37(c) necessarily implicates Rule 26(e)(1)(A), which contemplates that a party may inadvertently fail to make a complete disclosure initially. *Gap, Inc. v. G.A.P. Adventures Inc.*, No. 07 CIV. 9614 (AKH), 2011 WL 13239003, at *2 (S.D.N.Y. Apr. 14, 2011). Pursuant to that Rule, a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response in a "timely manner" if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. *G.A.P. Adventures Inc.*, 2011 WL 13239003, at *1. "[A] failure to comply timely with Rule 26(e) may subject a party to sanctions pursuant to Fed. R. Civ. P. 37(c)(1)…" *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 74 (W.D.N.Y. 2011).

  Whether pursuant to Rule 37(e) or (c), Better's proposed motion for sanctions is not authorized. Rule 37(c)'s sanction power applies only if Beeline failed to supplement or amend its initial disclosure in a timely manner, as required by Rule 26(e). As explained more fully in Beeline's memorandum of law in opposition to Better's motion for sanctions (Dkt. No. 236) (the "Opposition") and in its Response and Letter, Beeline supplemented its audit log disclosure as expeditiously as reasonably practicable. Notably, Better's initial letter-motion made no effort to explain how Beeline's production of this information at the time of its very discovery constitutes an "untimely" supplementation. Even if Beeline had failed to timely supplement its disclosure, courts may not impose sanctions under Rule 37(c)(1) where a party's failure to comply was "substantially justified" or where the conduct was "harmless." *Ritchie Risk-Linked Strategies*

*Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 158–59 (S.D.N.Y. 2012). Here, it is both.

      Beeline's reasoning for having not produced the Erbaugh Logs during fact discovery is "substantially justified," as explained in the McElroy Affidavit (Dkt. No. 237-14) and Beeline's Opposition. The Erbaugh Logs' delayed production was not due to any neglect or oversight on part of Beeline or the undersigned. During fact discovery, Beeline produced <u>85</u> audit logs, with the assurance from TLS that all audit logs had been identified. Furthermore, those original 85 audit logs were not misleading, incorrect, or useless. In fact, Better, in its own words, described those 85 logs as "ample evidence" to support its claims. The only impact of the Erbaugh Logs on this case is that Beeline's defenses are bolstered while Better's accusations are destroyed. There is no question that the Erbaugh Logs are exculpatory evidence.

      "Nondisclosure or untimely disclosure is harmless where it has not prejudiced the other party or where the prejudice resulting from the nondisclosure or untimely disclosure can be cured quickly and inexpensively." *Hunter v. City of New York*, 12 CV 6139 (MKB) (RML), 2-3 (E.D.N.Y. Aug. 8, 2019). With no trial date and an unbounded amount of time to review the Erbaugh Logs, Better has suffered no prejudice. Even so, "[s]ubsequent disclosure under certain circumstances may qualify as a sufficient cure." *Id*. at 3.

      Rule 37(c) does not leave district courts without discretion. *See Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995). Courts, in fact, have "broad discretion" to determine the nature of any sanction that should be imposed under Rule 37, "based on all the facts of the case." *Coventry First LLC*, 280 F.R.D. at 156. Likewise, courts have the same discretion in choosing <u>not</u> to impose sanctions. Better laid out its entire position in its letter-motion but, as is within her discretion, Magistrate Judge Netburn did not see any justification for sanctions.

      "The purpose of . . . Rules 26(a) and (e) and Rule 37(c)(1), taken together[,] is to avoid surprise or trial by ambush." *G.A.P. Adventures Inc.*, 2011 WL 13239003, at *3. The discovery of the Erbaugh Logs was a surprise to both parties—evidently a more pleasant one to Beeline than Better. However, with no trial date, there can be no "ambush." It should not be lost on this Court that, not only did Beeline express its willingness to jointly move to re-open discovery on this matter, but, moreover, this Court's ruling on Better's initial letter-motion explicitly authorized as much, and yet Better has chosen to object thereto instead of re-deposing Beeline's digital forensics expert. The opportunity to conduct another deposition pertaining to the Erbaugh Logs is an inexpensive and sufficient remedy. Better's unyielding insistence on sanctions is a last-ditch effort to weaken Beeline's defenses.

      For the reasons outlined in our Response, our Letter, and hereinabove, the Court should uphold its September 22, 2022 Order. We are available to discuss this matter at Your Honor's convenience.

Respectfully submitted,

_____
Robert Modica, Esq.

Cc: All Counsel of Record (by ECF)