

**PRIYANKA WITYK**
pwityk@fklaw.com
212.833.1193

October 6, 2022

BY E-MAIL & ECF

The Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    *Better Holdco, Inc. v. Beeline Loans, Inc.,* No. 1:20-cv-08686 (JPC) (SN)

Dear Judge Cronan:

      This firm represents plaintiff Better Holdco, Inc. ("Better") in the above-referenced action. We write pursuant to Federal Rule of Civil Procedure 72(a) to respectfully object to the September 22, 2022 order of the Magistrate Judge (the "Order") which denied Better's request for leave to file a motion for sanctions against defendant Beeline Loans, Inc. ("Beeline"). (Dkt. No. 283.) For the reasons set forth below, the Order should be vacated, and Better should be permitted to file the motion as set forth in its pre-motion letter dated September 12, 2022 (the "Letter"). (*See* Dkt. No. 280.)

      *First*, the law is well settled in this Circuit that "[a]bsent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, … or a failure to comply with sanctions imposed for such conduct, … a court has no power to prevent a party from filing…[a motion] authorized by the Federal Rules of Civil Procedure." *Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (internal citations omitted) (granting conditional writ of mandamus); *see also Curto v. Roth*, 296 F. App'x 129, 130 (2d Cir. 2008) (vacating portions of order that prevented party from filing motion). Here, the Order denied Better "[l]eave to [f]ile" a motion for sanctions which is authorized by Rule 37(e). (Dkt. No. 283.) As detailed in the Letter, Better's contemplated sanctions motion is serious and seeks to remedy substantial prejudice caused by Beeline's egregious discovery violations. (Dkt. No. 280.) There are no extraordinary circumstances, such as a history of vexatious litigation, that could justify this denial, and for that reason alone, the Order should be vacated. *See Richardson*, 825 F.2d at 652; *Curto*, 296 F. App'x at 130.

      *Second*, if the Court were to construe the Order as treating Better's Letter as a motion itself, the Order still should be vacated. A District Court may treat a pre-motion letter as a motion and decide it on the merits as long as the moving party is provided an opportunity to reply to its opponent's counterarguments. *See Griffin v. Sheeran*, 767 F. App'x 129, 132 (2d Cir. 2019) (District Court "acted outside the scope of its powers" in

The Honorable John P. Cronan        - 2 -                    October 6, 2022

treating pre-motion letter as motion without allowing movant opportunity to reply to opposing party's arguments but ultimately finding error was harmless because pre-motion letter was untimely). Here, the Letter establishes the grounds on which Better is entitled to seek sanctions under Rule 37(e). (Dkt. No. 280.) On September 20, 2022, Beeline filed a letter responding to the Letter. (Dkt. No. 282.) On September 22, 2022, without warning and without giving Better the opportunity to respond to Beeline's letter, the Court issued the Order. To the extent that the Court decided the sanctions motion on the merits, it "acted outside the scope of its powers" when it did so without giving Better the opportunity to reply to Beeline's letter. *See Griffin*, 767 F. App'x at 132. For this reason, the Order should be vacated.

We are available at the Court's convenience to discuss these matters.

                                                          Respectfully submitted,

                                                          s/ Priyanka Wityk
                                                          Priyanka Wityk

cc:   All Counsel of Record (by ECF)

Plaintiff's objection to Judge Netburn's order denying Plaintiff leave to move for sanctions is overruled. On September 12, 2022, Plaintiff purported to seek leave to move for sanctions pursuant to Rule 6(A) of the Court's Individual Rules and Practices in Civil Cases, on the basis that Defendant delayed production of certain audit logs in violation of Federal Rule of Civil Procedure 26(e). *See* Dkt. 280 at 1. But Rule 6(A) does not apply to discovery disputes, which this plainly is. Rather, the process for resolving discovery disputes is governed by Rule 5(C): first, the parties must meet and confer in good faith to resolve the dispute; second, if that fails, the party raising the dispute may file a three-page letter explaining the nature of the dispute; third, the opposing party must then file a three-page response letter; and fourth, the Court will then "seek to resolve [the dispute] quickly, by order or at an in-person or telephonic conference." Plaintiff's invocation of Rule 37 does not relieve it of its obligation to properly attempt to resolve, and if unsuccessful raise with the Court discovery disputes.

Assuming *arguendo* that Plaintiff attempted to meet and confer with Defendant in good faith prior to filing its letter, the Plaintiff filed a three-page request for discovery sanctions, and the Court ordered Defendant to respond, Dkt. 281, which it did on September 20, 2022, *see* Dkt. 282. Judge Netburn, acting within the scope of the general pretrial referral, considered the merits of Plaintiff's sanction request, and denied it "quickly, [and] by order." Dkt. 283.

Plaintiff's argument that it was entitled to file a reply in response to Defendant's opposition letter is without merit. Rule 5(C) does not provide for the opportunity to reply. Pursuant to that Rule, the Court ordered Defendant to submit a response to Plaintiff's letter, Dkt. 281, and that order in no way contemplated or invited a reply.

Accordingly, the objection to Judge Netburn's order is overruled.

SO ORDERED.

                                                          JOHN P. CRONAN
October 18, 2022                                      United States District Judge
New York, New York.